# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD JENKS, JR.<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**<br><br>Case No. 2:19-cv-94<br><br>Judge Clark Waddoups |

Before the court is Mr. Jenks' Motion for Certificate of Appealability. (ECF No. 21.) As explained below, the court DENIES the motion.

## Background[1]

On January 22, 2020, the court denied Mr. Jenks' Motion to Vacate and Set Aside Convictions and Sentence. Relevant here, the court held that "trial counsel's decision not to test the fourteen remaining condoms did not prejudice Mr. Jenks at trial" (ECF No. 19 at 8) because he could not show a reasonable probability that, "absent his counsel's alleged errors, the factfinder would have had a reasonable doubt respecting his guilt.'" (ECF No. 19 at 9 (quoting

---

[1] Much of the background of this case is detailed in two of the court's previous orders, (ECF Nos. 13 & 19.)

*Hanson v. Sherrod*, 797 F.3d 810, 826 (10th Cir. 2015).) The court also held that because Mr. Jenks' allegations "that the Government [had] offer[ed] him a plea deal [were] conclusory," his second ground for relief for ineffective assistance failed and he was not entitled to a hearing on that issue. (*See* ECF No. 19 at 20.)

On February 5, 2020, Mr. Jenks filed his Motion for Certificate of Appealability for his first two claims. (*See* ECF No. 21 at 1–2.) In his first claim, he alleged that his trial counsel "failed to provide [him] with effective assistance of counsel as guaranteed by the Sixth Amendment by Not Investigating the Physical Evidence." (ECF No. 21 at 2.) In his second claim, he alleged that his trial counsel "provided ineffective assistance during the plea negotiation stage of the proceedings." (ECF No. 21 at 2.)

Analysis

To obtain a certificate of appealability, Mr. Jenks "must make a 'substantial showing of the denial of a constitutional right.'" *United States v. Martinez*, No. 19-2173, 2020 WL 864722, at *2 (10th Cir. Feb. 21, 2020) (quoting 28 U.S.C. § 2253(c)(2)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The *petitioner must demonstrate* that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

In denying Mr. Jenks' Motion to Vacate and Set Aside his Convictions and Sentence, the court explained why all four grounds of his ineffective of assistance claims failed. Apart from two paragraphs of purely conclusory argument, Mr. Jenks does not explain why the court's order was debatable or wrong. Mr. Jenks has not demonstrated that reasonable jurists would find this

court's assessment of his constitutional claims debatable or wrong. He is not entitled to a certificate of appealability.

## Order

For the foregoing reasons, Mr. Jenks' Motion for Certificate of Appealability is DENIED.

Dated this 26th day of February, 2020.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge