IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD JENKS, JR.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY**<br><br>Case No. 2:19-cv-00094-CW<br><br>Judge Clark Waddoups |

Before the court is Defendant Richard Jenks, Jr.'s motion for a certificate of appealability. (ECF No. 52.) Because Mr. Jenks has failed to make a substantial showing of the denial of a constitutional right with respect to each of the grounds the court relied on in denying his motion to vacate his conviction and sentence, Mr. Jenks's request for a certificate of appealability is denied.

## Background

On September 18, 2023, the court denied Mr. Jenks's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (ECF No. 51.) In doing so, the court relied on four different bases, each of which constituted a separate and independent ground for denial. The court concluded that Mr. Jenks failed to show (1) that his trial counsel's representation fell below an objective standard of reasonableness, (2) that he received a plea offer from the government, (3) that he was reasonably likely to have accepted a plea offer from the government, and (4) that

the court was reasonably likely to have accepted any of the plea agreements Mr. Jenks purported he would have entered.

Mr. Jenks now requests that the court issue a certificate of appealability to permit him to appeal the court's denial of his motion to vacate.

## Analysis

Rule 11(a) of the Rules Governing § 2255 Proceedings requires the court to issue or deny a certificate of appealability when it enters a final order adverse to a defendant seeking relief under Section 2255. The standard for issuing a certificate of appealability is governed by 28 U.S.C. § 2253(c)(2), which provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

The Supreme Court has held that to make the showing required by Section 2253(c)(2), a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citation omitted).

Because the court relied on four separate, independent grounds for denying Mr. Jenks's motion, Mr. Jenks must show that each of the grounds relied on by the court were reasonably debatable in order to show that reasonable jurists could debate whether the petition should have been resolved in a different manner.[1]

---

[1] Mr. Jenks has not argued that any of the issues raised in his petition are so significant as to warrant encouragement to proceed further under the second prong of the test laid out in *Slack*. Accordingly, the court will limit its analysis to consideration of whether any of the grounds relied on in denying Mr. Jenks's petition are reasonably debatable.

As noted above, one of the bases the court relied on in denying Mr. Jenks's motion to vacate was that Mr. Jenks failed to show that he would have been reasonably likely to accept any of the purported plea offers he received from the government if he had been properly advised by his counsel. The court concluded that Mr. Jenks failed to come forward with adequate contemporaneous evidence to show that he would have been amenable to considering a plea offer from the government if he had been advised differently by his trial counsel and that the evidence, instead, showed that Mr. Jenks was dead set on going to trial and repeatedly communicated that preference to his counsel.

In his motion, Mr. Jenks asserts that reasonable jurists could disagree about the court's conclusion that it was not reasonably likely that Mr. Jenks would have accepted a plea offer, but points to no evidence on which such a debate could be based. Instead, he cites two cases from courts that relied, *in part*, on the disparity between the sentence a Section 2255 petitioner received and the sentence they would have received if they had entered a plea agreement previously offered by the government as evidence that the petitioner was reasonably likely to have accepted the previously offered plea agreement. (*See* Mot. for COA at 4-5 (citing *United States v. Knight*, 981 F.3d 1095, 1102 (D.C. Cir. 2020) and *United States v. Kearn*, 578 F. Supp. 3d 1221 (D. Kan. 2022)), ECF No. 52.)

The court addressed both *Knight* and *Kearn* in its decision denying Mr. Jenks's motion to vacate, concluding that both cases were distinguishable from the matter at hand. Neither *Knight* nor *Kearn* support Mr. Jenks's contention that a sentencing disparity can, by itself, support a finding that a petitioner would have been reasonably likely to have accepted a prior settlement offer. Instead, as *Kearn* explains explicitly, both cases held that a sentencing disparity can

support a finding that a defendant would have been reasonably likely to have accepted a prior plea offer when it is accompanied by other contemporaneous evidence showing that the defendant was "amenable to accepting the plea offer" and "not otherwise . . . dead-set on going to trial." *See* 578 F. Supp. 3d at 1241.

Here, Mr. Jenks points to no other contemporaneous evidence showing that he was amenable to accepting a plea offer prior to trial. As the court found in its decision denying Mr. Jenks's petition, the evidence shows the contrary—that Mr. Jenks was dead-set on going to trial.

Accordingly, the court concludes that no reasonable jurist could debate the court's conclusion that it was not reasonably likely that Mr. Jenks would have accepted any of the purported plea offers he received if he had received different advice from his trial counsel. Because this is sufficient, by itself, to warrant denial of Mr. Jenks's Section 2255 petition, the court need not consider Mr. Jenks's arguments with respect to the debatability of the other grounds relied on by the court.

## Conclusion

For the foregoing reasons, Mr. Jenks' Motion for a certificate of appealability is DENIED.

Dated this 18th day of October, 2023.

BY THE COURT:

CLARK WADDOUPS
United States District Judge